**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   FATEMEH KHALILI, individually and  ) Case No. 11-759 SC
    on behalf of all others similarly )
8   situated,                         ) ORDER GRANTING DEFENDANTS'
                                       ) MOTION TO DISMISS
9                   Plaintiff,         )
                                       )
10                                     )
         v.                            )
11                                     )
                                       )
12  COMERICA BANK, a Texas            )
    corporation; COMERICA             )
13  INCORPORATED, a Delaware          )
    corporation; COMERICA MANAGEMENT  )
14  COMPANY, INC., a Michigan         )
    corporation; and DOES 1 through   )
15  10, inclusive,                    )
                                       )
16                  Defendants.        )
                                       )
17  _____)

18  **I.   INTRODUCTION**

19        Plaintiff Fatemeh Khalili ("Plaintiff") commenced this

20  putative collective action, alleging violation of the Fair Labor

21  Standards Act ("FLSA") by Defendants Comerica Bank, Comerica

22  Incorporated, and Comerica Management Company, Inc. (collectively,

23  "Defendants").  ECF No. 1 ("Compl.").  Now Defendants move to

24  dismiss Plaintiff's Complaint for failure to state a claim, or, in

25  the alternative, for a more definitive statement.  ECF No. 6

26  ("Mot.").  Plaintiff filed an Opposition, and Defendants filed a

27  Reply.  ECF Nos. 10 ("Opp'n"), 12 ("Reply").  For the following

28  reasons, the Court GRANTS Defendants' Motion.

**United States District Court**
For the Northern District of California

## II.  <u>BACKGROUND</u>

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiff's Complaint.  However, because Plaintiff pleads very few facts in her Complaint, this section is brief.  Plaintiff alleges that Comerica Management Company is a subsidiary of Comerica Bank, and that Comerica Bank is a subsidiary of Comerica Incorporated. Compl. ¶ 7.  Plaintiff is a California resident who was employed by Defendants[1] as a "Personal Banker" in Defendants' Los Altos, California banking center location from November 2005 until June 2008.  <u>Id.</u> ¶¶ 3, 22.  Plaintiff describes this position as a "non-exempt banking center position."  <u>Id.</u>  Plaintiff claims that although she "consistently worked in excess of forty hours in a workweek," Defendants failed to pay "proper overtime compensation." <u>Id.</u> ¶ 32.  Plaintiff alleges Defendants had a "single, uniform policy or practice to deny overtime compensation."  <u>Id.</u>

Plaintiff's Complaint recites two claims: failure to pay both overtime and minimum wages under the FLSA.  29 U.S.C. §§ 207, 206. Pursuant to 29 U.S.C. § 216(b), Plaintiff claims to represent a class of "[a]ll current and former non-exempt banking center employees who worked for Defendants within the three years prior to the filing of this complaint and chose to opt-in to this action." <u>Id.</u> ¶ 15.

///

---

[1] In alleging the facts underlying her claims, Plaintiff exclusively refers to the three Defendants collectively as "Defendants."  Plaintiff suggests that this is justified because all three allegedly share a human resources department, as well as "information systems, technology, legal department and treasury." <u>Id.</u> ¶¶ 7-8.

United States District Court
For the Northern District of California

### III. <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1950 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

### IV. <u>DISCUSSION</u>

Defendants seek dismissal of Plaintiff's Complaint on the basis that it fails to state a claim with the specificity required by <u>Iqbal</u> and <u>Twombly</u>. Defendants argue: "Plaintiff has failed to allow the Court to reasonably conclude that the allegations are

United States District Court
For the Northern District of California

1  more than a sheer possibility." Mot. at 1.  Defendants argue that

2  the "facts" Plaintiff pleads "are merely legal conclusions couched

3  as facts," and that the Complaint is "devoid of specific

4  calculations, estimates or examples of Defendants' purported

5  failure to pay overtime or minimum wages or any other information

6  that would allow Defendants to understand the basis for Plaintiff's

7  class allegations or make their own calculations." Id. at 4.

8       Plaintiff responds that her Complaint satisfies Iqbal and

9  Twombly.  See Opp'n.  She argues that Iqbal's plausibility standard

10  is "context-specific," and that in the context of an FLSA claim,

11  "[s]tating a plausible claim for relief . . . means little more

12  than pleading that Defendants' employment policy is contrary to a

13  statutory mandate, and Plaintiff and the class members were subject

14  to those policies." Id. at 5.  In support of this argument,

15  Plaintiff cites to a pre-Iqbal order issued by this Court,

16  Velasquez v. HSBC Financial Corp., No. 1:08-cv-1285, 2009 U.S.

17  Dist. LEXIS 5428, at *13 (N.D. Cal. Jan, 16, 2009).  Opp'n at 1.

18  Plaintiff argues that requiring "specific factual details about

19  each and every [FLSA] violation is impractical and unrealistic," in

20  part because "Defendants, not Plaintiffs, are in possession of the

21  class's employment records chronicling Defendants' history of

22  violations." Id. at 7-8.

23       The Court begins its discussion by noting that the Ninth

24  Circuit has recently opined on the policy rationale underlying the

25  Iqbal and Twombly opinions: a complaint must include enough detail

26  to provide a defendant with fair notice of the nature of the claim

27  so it may effectively defend against it. Starr, 633 F.3d at 1204.

28  It must also be sufficiently plausible as to justify subjecting the

4

1  defendant to the expense of discovery.   Id.

2      The Court finds Plaintiff's Complaint serves neither policy

3  consideration.  Plaintiff alleges that through an unidentified

4  "policy or practice," Defendants have failed to pay "the proper

5  overtime compensation" to Plaintiff and all non-exempt "banking

6  center employees."  The "facts" Plaintiff pleads in support of this

7  allegation are almost entirely legal conclusions couched as facts.

8  The actual facts pleaded can be counted on one hand: Plaintiff

9  worked for Defendants, her title was "personal banker," and she

10  worked for more than forty hours per week.  Every other alleged

11  "fact" is a legal conclusion: Plaintiff alleges Defendants failed

12  to pay "proper" overtime, without alleging what made Defendants'

13  actions "improper."  She alleges that Defendants' failure to pay

14  overtime "was and is a result of a single, uniform policy or

15  practice" without identifying, or even suggesting, what this policy

16  or practice was or how it was promulgated.

17      The actual facts pleaded do not provide Defendants with fair

18  notice of the nature of Plaintiff's claims.  It is unclear, for

19  example, whether Plaintiff's claim is premised on exempt/non-exempt

20  miscategorization, failure to properly calculate the overtime rate,

21  or a failure to account for hours worked "off-the-clock."  Because

22  the Complaint is so broad and vague, Defendants cannot raise a

23  meaningful defense to the action going forward.  For example, the

24  FLSA provides a two-year statute of limitations for claims of

25  unpaid minimum wages or overtime; if such conduct was willful, the

26  statute of limitations is three years.  29 U.S.C. § 255(a).  Thus,

27  to state a claim upon which relief could be granted, Plaintiff must

28  allege plausible facts supporting a claim that Defendants violated

**United States District Court**
For the Northern District of California

FLSA at some point after February 18, 2008 (three years before the filing of this action), and that Defendants' violation was willful. Due to the vagueness of the Complaint, Defendants cannot raise such a challenge.

Nor do the facts pleaded justify subjecting Defendants to discovery. Discovery is costly, time-consuming, and invasive, and before a plaintiff can compel a defendant to open its books and sit for depositions, it must justify this imposition by stating a plausible claim for relief. See Starr, 633 F.3d at 1204. Here, Plaintiff makes a bald allegation that Defendants failed to pay her overtime, and seeks to represent a class of all banking center employees Defendants employed during the relevant period. In so doing, Plaintiff essentially states, "Defendants wrongly harmed me," without explaining the nature of that alleged harm. This is insufficient.

Plaintiff argues that requiring "specific factual details about each and every [FLSA] violation is impractical and unrealistic," in part because "Defendants, not Plaintiffs, are in possession of the class's employment records chronicling Defendants' history of violations." Opp'n at 7-8. The Court finds this argument to be unavailing. Plaintiff need not recite "every violation" to survive a Rule 12(b)(6) motion -- she merely must provide a factual narrative that provides Defendants with notice of her claims and a plausible factual underpinning of those claims. There are many ways Plaintiff could do this without first acquiring Defendants' employment records, such as by providing more detail about the "policy or practice" Defendants allegedly implemented in violation of FLSA, how this policy or practice caused Plaintiff to

be underpaid for overtime work, and why Plaintiff believes other similarly situated individuals have been underpaid.

For these reasons, the Court finds Plaintiff's Complaint to fall far below the relevant pleading standard.  It therefore GRANTS Defendants' Motion to Dismiss.  Because it is possible Plaintiff may cure the deficiencies in her Complaint through amendment, the Court DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.

**V.    CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Defendants Comerica Bank, Comerica Incorporated, and Comerica Management Company, Inc. is GRANTED; Plaintiff Fatemeh Khalili's Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff is granted thirty (30) days to file an amended complaint; if Plaintiff fails to amend her complaint within this period, the Court will dismiss this action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 16, 2011

_____
UNITED STATES DISTRICT JUDGE